# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JASON PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1738 AGF |
| | ) | |
| STEVE LARKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for appointment of counsel. The motion will be denied.

Plaintiff argues that counsel should be appointed to represent him because he has a learning disability and has trouble understanding procedural and substantive law. Plaintiff has submitted his ninth grade school assessment in support of this claim. The assessment, which was performed in January 1997, when Plaintiff was fifteen years old, shows that Plaintiff had learning and behavioral problems as a teenager. According to the assessment, Plaintiff tested well in reading comprehension and logical abstract thinking, whereas he tested poorly in spelling, science, humanities, social judgment, and common sense. Plaintiff further argues that he would be aided by the appointment of counsel because he is currently in administrative segregation and because he will have trouble cross-examining witnesses at trial. Plaintiff says he has

gotten by thus far by consulting a "jailhouse lawyers handbook and following how the courts and Defendants counsel present there [*sic*] paperwork."

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the Plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the Plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the Plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

Plaintiff's claims against Defendants are not frivolous or malicious. Plaintiff's claim against Defendants is that they failed to protect him from an assault by another inmate; these allegations are neither factually nor legally complex. The investigation of these claims is not complex, and Plaintiff has successfully propounded interrogatories on each of the Defendants. So, the primary issue here is whether Plaintiff would "substantially benefit" by the appointment of counsel.

Plaintiff's school records are very old, having been taken when he was fifteen years old. Plaintiff is now twenty-nine. Thus, there is a question of how relevant they

are to Plaintiff's current ability to present his case. The Court believes that Plaintiff's court filings are more relevant to showing his current ability than his school records. Although Plaintiff has had some difficulty with the procedural rules relating to discovery, he has shown himself to be an able enough litigator. Taking the instant motion for appointment of counsel as an example, Plaintiff clearly presents his case and cites to relevant and helpful case law in support thereof. Plaintiff's writing is clear and succinct, and his arguments are logical. Having reviewed the case file, the Court does not believe that Plaintiff's "learning disability," whatever it may be at this time, is a significant hindrance to his ability to present his case. As a result, the Court finds that appointment of counsel is not warranted at this time. The Court may revisit this issue before trial.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel [doc. #35] is **DENIED** without prejudice.

Dated this 6th day of May, 2011.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE