UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JASON PRICE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:10CV1738 AGF |
| STEVE LARKINS, et al., | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to file an amended complaint. The motion will be granted.

Plaintiff learned during discovery that another correctional officer, Michelle Williford, was present when he was assaulted, and plaintiff wishes to add Williford as a defendant. Plaintiff was unable to file his motion for leave to file an amended complaint within the deadline set forth in the Case Management Order because he only learned of Williford's presence after the deadline and because he did not have any writing materials when he did learn of her presence. Defendants oppose the motion as being untimely.

Rule 15 of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires." The Supreme Court has enunciated the following general standard, which is to be employed under Rule 15(a) by the district courts:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court finds no evidence of bad faith or dilatory motive on plaintiff's behalf. And the proposed amendment is not meritless. As a result, the Court finds that the motion should be granted, and the Court will direct the Clerk to serve process on defendant Williford.

Because the motion for leave to amend will be granted, the Case Management Order is moot. While defendants assert that discovery will need to be "redone," the Court believes this is not the case. Discovery shall continue as planned until May 18, 2011. Then discovery will be suspended. If any party requires additional time to complete discovery as to the defendants who were originally brought in this case, then that party should file a motion for extension of discovery no later than May 18, 2011. Once defendant Williford files a responsive pleading, and if Williford is not dismissed, the Court will enter a new Case Management Order allowing limited discovery as to Williford.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint [Doc. #31] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue as to defendant Michelle Williford, Correctional Officer at the Eastern Reception Diagnostic and Correctional Center.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Williford shall reply to plaintiff's claims within the time provided by the applicable

provisions of Rule 12(a) of the Federal Rules of Civil Procedure. An Amended Case Management Order shall be entered thereafter.

**IT IS FURTHER ORDERED** that the Case Management Order dated December 8, 2010, is **VACATED**.

**IT IS FURTHER ORDERED** that discovery as to defendants Larkin, Short, Wescott, Miller, and Holifield shall be completed no later than **May 18, 2011**. Any motion for extension of discovery shall be filed no later than **May 18, 2011**.

Dated this 10th day of May, 2011.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE