# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JASON PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1738 AGF |
| | ) | |
| STEVE LARKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

There are several matters before the Court: Plaintiff has filed two motions for leave to take depositions, a motion to inspect, two motions to compel discovery, and a motion for extension of time to complete discovery.

1. Plaintiff's Motions for Leave to Conduct Depositions

Plaintiff moves the Court for permission to depose the six named Defendants and ten non-parties. Plaintiff believes that through deposition testimony he can prove Defendants' knowledge of the violent tendencies of inmate Lenoir. Plaintiff argues that he needs to take deposition testimony in order to survive summary judgment. Plaintiff alternatively requests permission to depose Defendants by telephone.

Defendants argue that the motions should be denied because Plaintiff has shown himself to be very capable of engaging in written discovery, because the use of written discovery is preferable in prisoner cases in terms of judicial economy, because Plaintiff

has not demonstrated that he can afford to pay for a court reporter or witness fees, and because Plaintiff's desire to conduct depositions "must be balanced against the meed to maintain safety, security, and order within the Department of Corrections."

This Court prefers that pro se prisoner Plaintiffs utilize interrogatories and discovery requests, rather than depositions, in obtaining discovery from other parties. Plaintiff has not shown that he can afford to pay for the costs of a court reporter or witness fees, as he is required to do despite the fact that he is proceeding in forma pauperis. See U.S. Marshals v. Means, 741 F.2d 1053, 1057 (8th Cir. 1984). Moreover, Plaintiff seeks to depose parties located more than 300 miles from his current facility. The Court agrees with Defendants that the difficulty of the logistics along with the risks to the safety and security of the Missouri Department of Corrections outweighs Plaintiff's desire to personally depose parties and witnesses. Plaintiff's alternative request for telephonic depositions presents the same problem regarding witness and court reporter fees and similar logistical problems. As a result, Plaintiff's motions for leave to conduct depositions will be denied.

2. Plaintiff's Motion to Inspect

Plaintiff moves the Court for permission to inspect "tangible things, to inspect, measure, and take photo's of where Plaintiff was assaulted at E.R.D.C.C prison." Plaintiff does not further elaborate on the request.

Defendants refute the motion on the basis that Plaintiff can obtain adequate discovery through written means, that Plaintiff has failed to demonstrate that such inspection would lead to admissible evidence, and that such an inspection of "the interior of a correctional institution has the potential to jeopardize the safety, security, and order of the institution."

The Court agrees with Defendants. The Court finds that to allow a prisoner to take photographs or otherwise inspect the interior of a prison facility is both unnecessary and an unacceptable risk to the safety, security, and order of the institution. As a result, Plaintiff's motion to inspect will be denied. Plaintiff may file a motion to request Defendant to photograph a particular area, explaining why the photograph is needed and providing sufficient detail regarding the area to be photographed and the camera angle. Defendants will have 14 days after the filing of any such motion to file any objections. The Court will then determine whether Defendants will be required to photograph the area requested.

3. <u>Plaintiff's Motions to Compel</u>

Plaintiff moves the Court to compel Defendants to answer his seventh interrogatory and to provide documents responsive to his seventh and thirteenth production requests.

Plaintiff's interrogatory seven and Defendants' response thereto are as follows:

INTERROGATORY NO. 7: Prior to the assault on Plaintiff was offender Lenoir #509071 a known violent offender by the Defendants[?]

ANSWER: Objection. Plaintiff's request is vague and ambiguous. Subject to that objection, Lenoir's confinement in administrative segregation at a correctional facility indicated that he, like any other such offender, was problematic and required enhanced supervision.

Defendants argue that the term "violent offender" is ambiguous because it could mean that Lenoir was convicted of a crime involving violence or that Lenoir has been violent inside the prison walls. Plaintiff argues that Defendants' objection is non-meritorious. Plaintiff says that he was questioning whether Defendants were aware of Lenoir's tendencies towards violence within the prison walls.

The Court agrees that Plaintiff's interrogatory is not written in the clearest possible manner, but Plaintiff is proceeding pro se and some leeway is allowable. The Court will order Defendants to respond to interrogatory number seven as explained by Plaintiff and outlined above. Defendants are reminded that they may supplement their interrogatory answers by producing documents in accordance with Rule 33(d) of the Federal Rules of Civil Procedure.

Plaintiff further moves to compel responses to his seventh and thirteenth production requests. Plaintiff's requests and Defendants' responses are as follows:

REQUEST NO. 7: Individual files of inmate Lenoir #509071, including Lenoir's incident reports, conduct violations, use of force records, and

grievances, since inmate Lenoir #509071 has been incarcerated in Missouri Department of Corrections, including Lenoir's stay at ERDCC.

RESPONSE: Objection. Plaintiff's request calls for the "individual files" of inmate James Lenoir. Mr. Lenoir is not a party in this case. Pursuant to the case management order, Defendants "need not produce individual files of other prisoners who are not parties to the action." Furthermore, Plaintiff's request for "individual files" is vague, overbroad, unduly burdensome, not reasonably limited in time and scope, seeking information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. This request further seeks information that is protected from disclosure by Mo. Rev. Stat. § 217.075 (2000). Without waiving these objections, Plaintiff's institutional litigation coordinator has been provided with Lenoir's conduction violation and use of force documents that arose from the incident in question. Plaintiff may not possess those documents, but he may make arrangements with his litigation coordinator to view them.

REQUEST NO. 13: All of inmate Lenoir #509071 mental health records, notes, etc.

RESPONSE: Objection. Plaintiff's request calls for the medical records of inmate James Lenoir. Mr. Lenoir is not a party in this case. Pursuant to the case management order, Defendants "need not produce individual files of other prisoners who are not parties to the action." Furthermore, Plaintiff's request is vague, overbroad, unduly burdensome, not reasonably limited in time and scope, seeking information irrelevant to the subject matter of this litigation, and not reasonably calculated to lead to the discovery of admissible evidence. This request further seeks information that is protected from disclosure by Mo. Rev. Stat. § 217.075 (2000).

Defendants object to the production requests for several reasons. First, Defendants object because the requests are vague, overbroad, and unlimited in time and

scope. Second, Defendants object to the production of documents pertaining to the health, safety, security, and discipline of another offender who is not a party to this action. Third, Defendants have voluntarily permitted Plaintiff to inspect the disciplinary and investigative documents that arose from the incident, including documents pertaining to Lenoir. And last, Defendants claim that the documents are irrelevant to Plaintiff's Eighth Amendment claims because they do not go to Defendants' specific knowledge of an imminent attack on Plaintiff by Lenoir.

The Court agrees that Plaintiff's Request Nos. 7 and 13 are unduly overbroad. However, Plaintiff is entitled to some of the documents he seeks in the request. Plaintiff is entitled to documents relative to Lenoir's history of violence towards staff and other inmates while confined at ERDCC. As a result, the Court will order Defendants to produce <u>any</u> document in Lenoir's file showing any violence within the institution or Lenoir's propensity to commit violence. Privileged documents may be submitted to the Court in camera for inspection.

  4. <u>Plaintiff's Motion for Extension of Time to Complete Discovery</u>

The current discovery deadline, for matters pertaining to the original five Defendants, is June 15, 2011. Plaintiff seeks an extension from the previous discovery deadline, May 18, 2011, until June 17, 2011. The Court finds the request to be moot in light of its recent extension of the deadline. However, because the Court is partially

granting Plaintiff's motions to compel, the Court will further extend the discovery deadline.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions to conduct depositions [docs. 44, 46] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to inspect [doc. 45] is **DENIED**, except as stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's motions to compel discovery [docs. 47, 48] are **GRANTED** in part and **DENIED** in part, in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for time to complete discovery [doc. 52] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the discovery deadline is extended through **July 15, 2011**.

Dated this 13th day of June, 2011.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE