UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JASON PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV1738 AGF |
| | ) | |
| STEVE LARKINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion to compel discovery. The motion will be denied.

On June 13, 2011, the Court ordered Defendants "to produce any document in Lenoir's file showing any violence within the institution or Lenoir's propensity to commit violence." Plaintiff now seeks an order compelling Defendants to turn over all of inmate Lenoir's conduct violations, use of force records, incident reports, grievances, mental health records, and the number of conduct violations Lenoir has received during his life that involved violence. Defendants oppose the motion on the basis that Plaintiff failed to confer with them in good faith to resolve the issue without court interference and because Plaintiff is not entitled to any further documents not already provided by defendants.

Defendants argue that Plaintiff failed to confer in good faith because they received notice of Plaintiff's discovery dispute on August 29, 2011, and Plaintiff mailed his motion to compel to the Court on August 30, 2011. However, the Court notes that Plaintiff certified

that he placed the notice in the mail on August 17, 2011, and Defendants were not served with a copy of Plaintiff's motion to compel until September 8, 2011. And Defendants provided Plaintiff with some documents pertinent to his request before they filed their response to the motion. As a result, for the purposes of this order, the Court finds that Plaintiff attempted to resolve this issue in good faith before seeking the Court's intervention.

In accordance with the Court's order, Defendants have provided Plaintiff with more than 1,600 custodial records that pertain to Lenoir's violent conduct or propensity to commit violence at the Eastern Reception Diagnostic and Correctional Center. Plaintiff complains that Defendants have not provided him with <u>all</u> of Lenoir's conduct violations. However, the Court did not require Defendants to turn over all of the conduct violations. The Court only required Defendants to turn over documents showing violence or a propensity to commit violence. Defendants have done so: they provided Plaintiff with all documents showing violence, such as assaults, and they have turned over documents showing a propensity for violence, such as making threats or slipping out of handcuffs. Plaintiff is not entitled to receive any further conduct violations or grievances.

Plaintiff complains that he did not receive Lenoir's "special security orders sheets." Defendants have since provided Plaintiff with these documents.

Plaintiff further requests all of Lenoir's mental health records. Defendants object to this request because these records are held by non-party Corizon (formerly, Correctional Medical Services, Inc.), and because these documents are protected from disclosure by Mo. Rev. Stat. § 217.075, the doctor-patient privilege, and the Health Insurance Portability and

Accountability Act. The Court finds these objections to be reasonable, and Plaintiff has failed to show that he is entitled to receive these documents despite their protection from disclosure. As a result, the Court finds that Plaintiff is not entitled to receive Lenoir's mental health records.

Finally, Plaintiff seeks an order compelling Defendants to tell him how many conduct violations Lenoir has received his life that involve violence. This request is improper because Plaintiff's discovery requests were limited to Lenoir's confinement at ERDCC, and Defendants have provided him with all of the relevant conduct violations that originated at ERDCC.

For these reasons, Plaintiff's motion to compel is denied. Moreover, the Court notes that the discovery deadline has passed, and the Court will not entertain any further motions to compel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel discovery [Doc. 74] is **DENIED**.

Dated this 30th day of September, 2011.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE